JS - 6

# PRIORITY SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   EDCV 09-01006 VAP (AJWx)                    Date:  June 4, 2009

Title:   LAWRENCE JAY SMITH -*v*- SAXON MORTGAGE CORPORATION, et al.

==============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                              None Present
Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

None                               None

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                   SUPERIOR COURT, SAN BERNARDINO COUNTY (IN
                   CHAMBERS)

On May 29, 2009, Plaintiff removed this action from the California Superior Court, San Bernardino County.  The right to remove a case from state to federal court is vested exclusively in a defendant.  See 28 U.S.C. § 1441(a).  A plaintiff who has chosen to commence the action in state court cannot later remove to federal court.  See Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007).  Accordingly, removal is improper in this case and the Court REMANDS the action to the California Superior Court, San Bernardino County.

MINUTES FORM 11                              Initials of Deputy Clerk dts
CIVIL -- GEN              Page 1

EDCV 09-01006 VAP (AJWx)
LAWRENCE JAY SMITH v SAXON MORTGAGE CORPORATION, et al.
MINUTE ORDER of June 4, 2009

      Furthermore, Plaintiff seeks relief from an adverse state court judgment.  (See Ex Parte Application at 4 ("It has now become imperative that the plaintiff seek relief in a higher court that has jurisdiction over federal laws, where the plaintiff's complaint is based on federal rescission law.").)  "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings."  Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

      **IT IS SO ORDERED.**